DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ernest Bahr, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, ordering him to pay spousal and child support and dividing the parties' property. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Daphne Bahr, were married on November 26, 1999, and have one child, age five. On March 14, 2003, Appellant filed his complaint for divorce. Two weeks later, Appellee filed her counterclaim seeking a divorce. During the initial stages of the litigation, Appellant was ordered to make certain payments on behalf of Appellee and ordered to pay child support and spousal support.
 {¶ 3} During the course of the proceedings, Appellant lost his employment with NIAC Steel Sales, Inc., when the company merged with another steel company and his position was eliminated. As a result, Appellant requested that the trial court modify his pendente lite obligations. The trial court denied Appellant's motion following an evidentiary hearing, concluding that Appellant could not account for substantial deposits into accounts he controlled resulting from his self-owned business and that his testimony regarding his finances was not credible.
 {¶ 4} On October 14, 2004, the trial court granted the parties a divorce. The trial court divided the parties' personal and real property, allocated marital debt, and ordered Appellant to pay child support, spousal support, and a portion of Appellee's attorney's fees. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING THE APPELLEE CHILD SUPPORT, SPOUSAL SUPPORT PENDENTE LITE, SPOUSAL SUPPORT, AND ATTORNEY FEES, WHERE THE APPELLANT HAD LOST HIS JOB AFTER THE FILING OF THE DIVORCE, AND THERE WERE NO ORDERS ON PAYMENT OF THE MARITAL DEBTS DURING THE PENDENCY OF THE PROCEEDING."
 {¶ 5} In his first assignment of error, Appellant contends that the trial court erred in awarding Appellee spousal support, child support, and attorney's fees. We disagree.
Spousal Support
 {¶ 6} An award of spousal support is within the broad discretion of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. This court will not reverse the trial court's decision absent an abuse of discretion. Id. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Id. at 219.
 {¶ 7} R.C. 3105.18(C)(1) requires the trial court to consider fourteen factors in determining whether to award spousal support and the appropriate amount to award. Those factors include:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 8} While Appellant urges that none of the factors under R.C. 3105.18(C)(1) favor an award of spousal support, he primarily contends that the trial court erred in finding him to be voluntarily unemployed and imputing income to him.
 {¶ 9} R.C. 3119.01(C)(5) defines "income" as either of the following:
"(a) For a parent who is employed to full capacity, the gross income of the parent;
"(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
"Further, the question whether a parent is voluntarily (i.e., intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court. Absent an abuse of discretion, that factual determination will not be disturbed on appeal." Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
 {¶ 10} It is undisputed that Appellant was earning a salary of approximately $53,000 when he initiated the divorce proceedings. Appellant urges, however, that the testimony he presented demonstrates that his subsequent unemployment was not voluntary. In support, Appellant relies upon his own testimony and the testimony of his former supervisor, Stewart Bashian. Mr. Bashian testified that Appellant's former position was eliminated when his company merged with another steel company. Appellant testified that he had sought work from nearly fifty different places.
 {¶ 11} The trial court, however, found that Appellant's assertions lacked credibility. We note that the trial court was in a better position than this Court to make the credibility assessment essential to such a determination. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We find that the trial court's assessment of Appellant's credibility is bolstered by our independent review of the record. Under cross-examination, the following took place:
Appellee's counsel: "Did you say that Appellee was acting childish, and you're going to teach her lesson by a taking a leave of absence from your job?
Appellant: "I may have said that in anger, yes."
 {¶ 12} The record also demonstrates the following facts. Appellant was continuously employed from 1993 through June of 2003. Shortly after the divorce proceedings began, Appellant lost his job and has been unemployed for a substantial period for the first time in more than a decade. While Appellant claimed to have sought employment from fifty different employers, Mr. Bashian testified that no employer had requested a reference from him for Appellant. Appellant was unable to explain the origin of multiple large deposits made to his account from his self-owned business. Appellant admitted to repeatedly violating court orders, including his spousal support pendente lite obligation. Based upon the facts presented, we cannot say that the trial court abused its discretion in finding that Appellant's testimony lacked credibility and that he was voluntarily unemployed. As Appellant averaged an annual income exceeding $53,000 in the several years preceding the court's order, he has not challenged that such an amount is appropriate, only that imputing income was improper. Accordingly, the trial court did not abuse its discretion in imputing income to Appellant in the amount of $53,000 and to Appellee in the amount of $31,824.
 {¶ 13} The trial court then properly relied upon R.C.3105.18(C)(1)(b) to award spousal support. Appellant asserts that the trial court effectively ignored the remaining factors under R.C. 3105.18(C)(1). Contrary to Appellant's assertion, the record reveals that the trial court did consider the statutory factors. In awarding spousal support, the trial court noted:
"The Wife is thirty-three years old and the Husband is thirty-four years old. They have been married just over four years. The Wife by the time of this Judgment Entry planned to be employed as previously described. After the exchange of child support and after considering the tax consequences, the Husband would have 53% of the couple's after tax cash flow into his home while the Wife and child would have 47%. Upon consideration of all the factors, the Court finds an award of $200 per month reasonable and appropriate for a term of 12 months effective the fate of this Judgment Entry as it would give both households similar after tax cash flow."
 {¶ 14} The trial court, in addition, incorporated its prior discussion of the parties' incomes. As the trial court clearly considered the statutory factors, we cannot say that the trial court abused its discretion in its award of spousal support.
Child Support
 {¶ 15} With respect to child support, Appellant's brief states that "the temporary and permanent child support order is defective based on the use of Appellant's prior income." As noted supra, the trial court did not abuse its discretion in imputing income to Appellant. Therefore, his challenge to the child support order is without merit.
 {¶ 16} While Appellant urges in his assignment of error that the trial court erred in awarding Appellee attorney's fees, he has not argued that the award was error within the assignment of error. App.R. 16(A)(7). Accordingly, we decline to address whether the award was proper. See App.R. 12(A)(2). Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT VALUING THE PARTIES' ASSETS AND LIABILITIES."
 {¶ 17} In his second assignment of error, Appellant argues that the trial court erred when it failed to value the parties' assets and liabilities. We find that Appellant's assignment of error lacks merit.
 {¶ 18} In his argument, Appellant has not argued that any specific asset or liability was not valued by the trial court. In addition, Appellant has not cited to any portion of the record to support his assertion that the trial court did not value the parties' property. See App.R. 16(A)(7). Accordingly, "[i]f an argument exists that can support [Appellant's assertion], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at *22.
 {¶ 19} We find it important to note, however, that our independent review of the record demonstrates that Appellant's claim is wholly without merit. The parties agreed upon much of the property distribution before reaching trial. Through Appellee's testimony, the remaining outstanding issues regarding personal property were resolved. In addition, each party was left with an automobile and that automobile's accompanying debt. The trial court then conducted a lengthy analysis regarding the parties' real property before awarding each parcel and its accompanying debt to Appellant. The trial court also awarded Appellant his retirement account and credit card debt which was attached to the real property he was awarded. As a result, the trial court valued and distributed every asset and liability that the parties' brought to the court's attention. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., concur.